**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| George Rudebusch, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. CIV 95-1313-PCT RCB and |
| | ) | No. CIV 96-1077-PCT RCB |
| Vs. | ) | O R D E R |
| | ) | |
| State of Arizona, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 7, 2006, this Court partially granted Plaintiffs' cross-motion for summary judgement regarding damages in this matter. Order (doc. 316). In its order, the Court concluded that two issues of fact remained in dispute regarding the correct calculation of damages owed to Plaintiffs. Id. at 18-24. Specifically, the two issues that remained in dispute were (1) the actual percentage increases for administrative positions and (2) whether the purpose of the 1995 adjustments was to remedy the inequities created by the Hughes adjustments. Id. Accordingly, the Court granted the parties additional time to present evidence on these issues. Id. at 23-24. After reviewing each party's

evidence and arguments on these matters, the Court now rules.

At the outset, the Court notes that Defendants no longer dispute the 22% salary increase for administrative positions that was included in Plaintiffs' damages proposal. Def. Submission of Evidence (doc. 24) at 5.[1]  Hence, the Court concludes that the 22% salary increase for administrative positions shall apply.

Unlike the salary increases for administrative positions, the issue regarding the purpose of the 1995 adjustments remains in dispute. Defendants have submitted numerous affidavits and other evidence arguing that the 1995 increases were intended to "further eliminate any perceived inequity remaining after the Hughes and Lovett increases[.]" Id. at 2. Additionally, Defendants assert that "even if this were not the intent, the Plaintiffs would not have received the 1995 increases (or at least an increase in the same amount) had they received an increase to their predicted salary in 1993." Id.  The Court is not convinced by either of these arguments.

First, Defendants concede that the 1995 adjustments were market equity increases. Id. at 2-3 ("In 1995 the NAU administration moved to a different benchmark for determining appropriate salary figures-the prevailing market rate as determined by comparing NAU salaries to those of peer institutions.").  The fact that the NAU administration may have internally referred to

---

[1] The Court notes that Defendants' filing entitled "Defendants' Submission of Evidence Re: 1995 Salary Adjustments and Administrative Appointments" was not filed in the Court's docket for this case, CIV 95-1313-PCT RCB.  Instead, Defendants filed this document in the docket for CIV 96-1077-PCT RCB.  The parties are directed to file all future pleadings and filings related to this matter in the docket of the lead case, CIV 95-1313-PCT RCB.

1  this adjustment as "Lovett Fix 2," as asserted by Defendants, does
2  not sufficiently establish that the adjustments were intended to
3  remedy the inequities created by the Hughes adjustments.  In fact,
4  Defendants concede that all faculty, minorities and non-minorities,
5  were eligible for the 1995 increases.  Def. Submission of Evidence
6  (doc. 24) at 3.  They do not deny that some minorities received
7  such a raise.  Moreover, according to Defendants, only twenty-eight
8  of the Plaintiffs received a raise pursuant to the 1995
9  adjustments.  Id.  Thus, not all of the Plaintiffs who had been
10 harmed by the 1993 Hughes adjustments received a raise under the
11 1995 adjustments, which Defendants contend were intended to repair
12 the damage caused to such Plaintiffs by the 1993 Hughes
13 adjustments.
14      Second, Defendants attempt to argue that, even if the 1995
15 adjustments were not intended to remedy the inequities created by
16 the Hughes adjustments, they must still be considered in the
17 damages calculation because the Plaintiffs would not have received
18 the 1995 increases (or at least an increase in the same amount) had
19 they received an increase to their predicted salary in 1993.  Id.
20 at 2.  Generally, Defendants maintain that if the 1995 adjustments
21 are not considered in the damages calculation, Plaintiffs will be
22 "overcompensated."  Id. at 3-5.  This argument, however, is of no
23 moment to the issue at hand.  In its prior order, the Court granted
24 the parties additional time to present evidence regarding the
25 "purpose" of the 1995 adjustments.  Order (doc. 316) at 23-24.  The
26 alleged "purpose" was the only factual issue regarding the 1995
27 adjustments that was raised by the parties in their motions for
28 summary judgment.  Id. at 19-20.  Thus, Defendants' argument

1  regarding the alleged "overcompensation" of Plaintiffs is a new
2  argument that does not address the Court's question regarding the
3  "purpose" of the 1995 adjustments.
4      Finding no clear evidence indicating that the 1995 adjustments
5  were intended to remedy the inequities created by the Hughes
6  adjustments, the Court concludes that the 1995 adjustments should
7  not be considered in the calculation of damages incurred by
8  Plaintiffs.  Thus, the Court shall accept Plaintiffs' proposed
9  calculation of damages in its entirety.
10     Therefore,
11     IT IS ORDERED directing counsel for Plaintiffs to submit a
12 proposed judgment, based on the Court's order dated June 7, 2006
13 (doc. 316) and this order, thirty (30) days from the date of this
14 order.  Defendants must file any objection they have to such
15 proposed judgment ten (10) days from the date of its filing.
16     DATED this 14th day of August, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record.